STATE EX REL. SCHOOL DISTRICT No. 4 OF THE TOWN OF LA FOLLETTE and others, Appellants, vs. BURNETT COUNTY SCHOOL COMMITTEE and others, Respondents.

*November 3—December 2, 1952.*

For the appellants there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *John Doar*.

For the respondents there was a brief by *C. J. Strang,* district attorney of Burnett county, and *E. Nelton* of Balsam Lake, and oral argument by *Mr. Nelton*.

FAIRCHILD, J.   The issues sought to be raised by writ of certiorari and on this appeal from the dismissal of the writ by the court are closely related to the questions presented on appeal in the case entitled *School Dist. v. Burnett County School Committee,* ante, p. 484, 55 N. W. (2d) 874.

In that case the trial court dismissed an appeal from the order of the County School Committee. The appeal was dismissed because not taken timely. This court has affirmed

that order of dismissal. Here the same appellants have, in their petition for a writ of certiorari, alleged, "That the said proceedings, action, and determination of the Burnett County School Committee and the county clerk of said county were without jurisdiction, erroneous, and of no effect in law. . . ." But the order of reorganization stands unreversed, and in this case (petition for writ of certiorari) the court below reached the conclusion that no jurisdictional questions were present warranting interference by certiorari and quashed the writ. We think the ruling was the only one proper under the circumstances.

The appellants assert several grounds for the relief sought by them, but they all depend upon questions which must be answered against them when we read the controlling sections of the statutes governing proceedings in the matter of creating, abolishing, and reorganizing school districts. The appellants base one of their contentions on the claim that the effective date of reorganization was not definite and certain. They also claim that certain persons not entitled to vote at the referendum election were permitted to vote and others entitled to vote were not permitted to vote. In considering these contentions and in dismissing the writ, the trial court gave careful consideration to the facts brought forward, and, while holding that certiorari was not the proper proceeding to have been brought, because of provisions in the statutes for other methods, the court held, with reference to an effective date being fixed by the order, that sec. 40.303 (4) (b), Stats., was fully complied with. The order of reorganization is within the terms of the statute with relation to the date. The order says that the reorganization "shall not take effect until the end of the school year in 1951." We agree with the trial court that this is a statement of sufficient definiteness to satisfy the calls of the statute. A calendar date, with month, day, and hour is not required where the statute suggests the date of effectiveness as "the end of the school year."

The end of the school year is an event in a given community generally recognized, and the certainty of it is readily determined.

As to who had a right to vote in the referendum election held pursuant to the provisions of sec. 40.303 (8) (a), Stats., the trial court ruled that the statute does not give the right to vote at the referendum election to persons outside of the reorganized district. This is plainly within the purpose of the plan and the intention of the legislature. The desire of having a system of school districts so organized as to be efficient from the educational standpoint and acceptable to the people of a community organized into a district appears. The county committee may plan, but the plan cannot result in a district if the electors in that territory give a nonapproval vote in the referendum. The voting is limited to those who are directly included within the reorganized district. The section of the statute governing organizing school districts provides that the reorganization order shall not be effective, if a referendum election is petitioned for, until the order has been approved by a majority of those having a right to vote, that is, those involved in the territory thus set apart in the reorganization. It is too evident for serious doubt that the right to vote in the referendum is limited to the electors who are members of this newly organized territory or district. This point being settled, occasion for further search for jurisdictional defects may safely be passed. We agree that the learned trial judge summed up the situation correctly when he said, calling attention to the provisions of the school law for appeal and the methods for securing a referendum:

"If the failure of the clerk to notify the people without the new district, but within districts from which a portion had been taken to make the new district is a question of jurisdiction, then certiorari is proper according to . . . [*State ex rel. Oelke v. Doepke*, 260 Wis. 493, 51 N. W. (2d)

10]. If the question as to who the clerk should include as voters is merely a ministerial act, then it is mandamus.

"However, it is probably not necessary to decide this matter in view of the fact that it was our opinion that only those people in the newly organized district were entitled to vote."

It is considered that no jurisdictional question is involved. The committee's order was not timely appealed from, and only those electors in the newly organized district were entitled to vote. There were four hundred thirty-five votes cast approving the order of the County School Committee, and two hundred thirty-four against.

We are of the opinion that under the existing facts it was the trial court's duty to quash and dismiss the writ.

*By the Court.*—Judgment affirmed.